IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


RASHAD LEE, #213823,                    :

    Plaintiff,                         :

vs.                                     :    CIVIL ACTION 10-0396-KD-M

DEBORAH TONEY, <u>et al.</u>,          :

    Defendants.                        :


<u>REPORT AND RECOMMENDATION</u>


    Plaintiff, an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(A) and Rules 11(b) and 41(b) of the Federal Rules of Civil Procedure, that the Court retain the partial filing fee of $28.00, and that the dismissal of this action count as a strike for the purpose of 28 U.S.C. § 1915(g) because it is malicious.

I.  Nature of Proceedings.

    A.  Posture of Action.[1]

    This action is before the Court on the responses of

Plaintiff (Docs. 14, 15) and the Alabama Department of

Corrections ("ADOC") (Doc. 18) to the Court's show cause orders.

(Docs. 13, 17).  On November 12, 2010, the Court ordered

Plaintiff to show cause why this action should not be dismissed

---

[1] In Plaintiff's superseding court-ordered Amended Complaint
(Doc. 4), Deborah Toney is sued as the sole Defendant.  She is
the warden at Atmore Community Work Center ("work release").
See Ala. Dept. of Corrs., http://www.doc.state.al.us/facaddr.asp
(lasted visited Aug. 16, 2011).  Defendant Toney is being sued
for the denial of eyeglasses to Plaintiff that were sent by his
mother which resulted in Plaintiff injuring himself when he
slipped and fell in the shower; inadequate seating in the chow
hall which causes him to stand on occasion to eat his meals; the
placement of a smelly, raw sewage holding drainage tank at the
entrance of the dining hall, which occasionally overflows; the
chapel being only open when a free-world speaker comes; denying
Plaintiff timely use of the only computer which caused him to
miss a deadline; Plaintiff's letter, in which he complained
about defendant, never arriving at Central Records; Plaintiff's
and other inmates' mail being delivered to them opened with the
notation that it was opened by mistake; notary services being
done only one day a month; all of Plaintiff's state-issued
uniforms, except for one set, being taken in violation of
regulations; clothes being washed only one day a week; Plaintiff
having to work at a job at the institution instead of at a free-
world job; the opening of Plaintiff's locked box by officers
outside of his presence and the confiscation of items; the
taking of $1.00 from each deposit to pay for its handling by the
business office; and the lack of sprinklers, fire alarms, or
fire extinguishers.  (Doc. 4 at 4-5, 8-22).  For these alleged
violations, Plaintiff seeks "monetary damages [and an o]rder for
[the] marshal[] and health dept. to inspect the building[.]"

2

and sanctions imposed for his signing and submitting three
Motions to Proceed Without Prepayment of Fees (Docs. 2, 5, 7) in
this action that appeared inconsistent and untruthful. (Doc.
13); see 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing
fee, or any portions thereof, that may have been paid, the court
shall dismiss the case at any time if the court determines that
the allegation of poverty is untrue[.]"). This show cause order
came about at the time the Court screened Plaintiff's Amended
Complaints (Docs. 4, 10) and examined Public Access to Court
Electronic Records ("PACER") for other actions filed by
Plaintiff as he did not indicate in either his original
Complaint or Amended Complaints that he previously filed any
actions. During its review the Court discovered several actions
filed by Plaintiff, but they did not qualify Plaintiff's present
action for treatment under 28 U.S.C. § 1915(g).

However, the Court did discover Rashad Lee v. Mills, et
al., CA 2:09-0602-WHA-CSC, 2010 WL 320300 (M.D. Ala. Jan. 20,
2010), which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A)
because the printouts attached to Plaintiff's in forma pauperis
requests were found not to be generated by the correctional
institution, and Plaintiff belatedly informed the court of
receiving money from other sources during the prior twelve
months. Id. at *3-*4. The dismissal was with prejudice and was
ordered to be treated as a strike under 28 U.S.C. § 1915(g) due

3

to Plaintiff's persistence in submitting false information to the court.  Id. at *4.  In light of the Middle District's decision, this Court then undertook a second review of Plaintiff's Motions to Proceed Without Prepayment of Fees (Docs. 3, 5, 7) filed in this action.

      B.   The Initial Dispositions of Plaintiff's Motions to Proceed Without Prepayment of Fees.

In the present action, Plaintiff's first Motion to Proceed Without Prepayment of Fees ("first Motion"), filed on July 26, 2010, was on an outdated form and had attached an institutional printout dated May 24, 2010 with financial information only for two months, April and May, instead of for the six months preceding the filing date of July 26, 2010, and an empty institutional certificate.  (Doc. 2).  As a result, Plaintiff was ordered to file a new motion on the Court's current form. (Doc. 3).

The second Motion to Proceed Without Prepayment of Fees ("second Motion"), filed on August 5, 2010, had attached an institutional printout reflecting deposits from April to August 2, 2010 and an empty institutional certificate.  (Doc. 5).  Due to the absence of a certificate completed by an institutional officer, Plaintiff was ordered to file a third Motion to Proceed Without Prepayment of Fees.  (Doc. 6).

The second Motion also reflected that Plaintiff has three children to whom he contributes $150 monthly. (Doc. 5 at 1). This information was omitted from his first Motion.

In the third Motion to Proceed Without Prepayment of Fees, Plaintiff attached the same institutional printout that he had attached to his second Motion with Atmore Community Work Center in the caption, which reflected deposits from April to August 2, 2010. (Doc. 7 at 6). The newly submitted certificate was completed by Ms. Spates at J.O. Davis Correctional Facility ("J.O. Davis"). (Id. at 5).

Having spent an excessive amount of time in an attempt to assist Plaintiff in having a motion to proceed without prepayment of fees that complied with 28 U.S.C. § 1915(a), the Court, using the information available, ordered Plaintiff to pay a partial filing fee of $27.56. (Doc. 8). Plaintiff paid $28.00. (Doc. 12).

Once the partial filing fee was paid, the Court discovered Lee v. Mills, supra, in which the Middle District court determined that Plaintiff had deliberately falsified his financial information for the purpose of circumventing the assessment of the partial filing fee. (Doc. 30 at 7). The Middle District court, after allowing Plaintiff and ADOC to address the issue, dismissed the action with prejudice pursuant to § 1915(e)(2)(A), concluding that the printouts submitted by

Plaintiff were not generated by ADOC, and ordered that the
dismissal be counted as a strike due to Plaintiff's persistence
in submitting false information to the court.  Id. 7-8.

C.  A Second Review of Plaintiff's Motions to Proceed
    Without Prepayment of Fees.

In light of the information from the Middle District court,
the Court conducted a second review of Plaintiff's Motions to
Proceed Without Prepayment of Fees.  In reviewing Plaintiff's
second Motion, this Court, from its years of experience in
prisoner litigation, discerned that an alteration in the
numerals had occurred, particularly when compared with the
printout submitted with the first Motion (Doc. 2).  That is,
some of the dollar signs were absent and the large May monthly
deposit of $1,576.56 in the first Motion's printout was absent
in the second Motion's printout which only reflected "576.57"
for May.  (Id. at 6).  Additionally, the second printout did not
bear the signature of a prison official, which the first
printout had.  (Id.).  Then in the third Motion (Doc. 7) the
certificate, which was completed by Ms. Spates at J.O. Davis
(which indicated to the Court that Plaintiff had been
transferred), was dated August 31, 2010 and had calculations
based on a twelve-month history.  (Id. at 5).  However, a
printout to support these calculations for twelve months was not
submitted by Plaintiff.  Instead, Plaintiff resubmitted the

6

second printout which did not correspond with the certificate, contained the same alterations, and bore a caption indicating that it was generated at Atmore Community Work Center. (<u>Id.</u> at 7).

Based on the Court's second review of Plaintiff's Motions, it is readily apparent that the Court has not received a printout for the six months preceding the filing of the complaint on July 26, 2010. And the only certificate that was completed by an institutional official is found in the third Motion, which was prepared after Plaintiff was transferred to J.O. Davis and then it was done for twelve months prior to August 31, 2010. (Doc. 7 at 5).

D. <u>Show Cause Orders and Responses Thereto</u>.

Based on the Court's experience with prisoner actions wherein the overwhelming majority of inmates readily obtain financial information for filing an <u>in forma pauperis</u> request from their respective institutions and in an orderly manner, and in light of the Middle District decision in Plaintiff's prior action and this Court's discovery of apparent alterations in Plaintiff's institutional printout, the Court entered an order for Plaintiff to show cause why his action should not be dismissed for his untruthful representations to the Court in his Motions to Proceed Without Prepayment of Fees; why sanctions should not be imposed beyond the dismissal of this action

without prejudice for signing his Motions that contained false information under penalty of perjury and for violating Rule 11(b) of the Federal Rules of Civil Procedure; and why a criminal sanction should not be imposed pursuant to 18 U.S.C. § 1623. (Doc. 13 at 6).

In Plaintiff's first response to the show cause order (Doc. 14), which is twenty pages, he asserts numerous reasons, some of which the Court will briefly reiterate. Plaintiff asserts: (1) a conspiracy existed between the business clerk and defendants either directly or through officers; (2) he and other inmates do not have access to photocopying machine to make alterations and officials will not make copies for them; (3) he advised the Commissioner in a letter about Warden Toney, Patricia Myers, and business clerks trying to keep him from filing this action, particularly before the warden's probationary period expired, and the problems he was having with the business office to print his PMOD account (id. at 9-18); (4) his first Motion was the true motion reflecting the true amount in his account at the time; (5) his first Motion shows that he had not intended to defraud the court because the clerk signed and dated it and he then sent it to the court; (6) the administration denied his requests for subsequent printouts because the warden was not wanting any lawsuits filed during her probationary period; (7) it was not his fault the financial information was for only two

months because he had only been transferred to Atmore Work Center in April, 2010 and ADOC policy only allows the institution to print the amount deposited at that institution; (8) $1,576.57 was transferred from Ventress Correctional Facility where he had been incarcerated for the previous four years; (9) in regard to Plaintiff's second Motion and printout, it was given to him by another inmate because the warden had been told that Plaintiff would be filing numerous claims against her; (10) the business clerk would not sign the printout because she had already signed the first one and then he did not check it; (11) Plaintiff denies altering any documents because it would have been ludicrous to do so when the correct amount was already on file; (12) while in segregation Plaintiff inadvertently omitted that he has children and states that he is sent money by his family and hustles in prison by litigating cases and drafting motions for "hygiene [products], food, and [etc.]" (id. at 5); (13) Valerie Spates signed and printed the PMOD history of Plaintiff and any error therein is a result of a conspiracy with Patricia Meyers, Warden Meyers, and her; (14) there is a conspiracy to keep him in prison by the prosecutor, judge, and wardens altering his trial transcripts and other things on file; and (15) Plaintiff will "pay the fee in it[s] entirety or whatever the court deems necessary [to] serve the defendants" (id. at 7).

In Plaintiff's second response to the show cause order filed on January 6, 2011 (Doc. 15), he requests that Court to take judicial notice of his other action in this Court, No. 10-0661-KD-N, wherein he was ordered to pay a partial filing fee but was unable to because Warden Meyers would not allow a withdrawal to occur "although the request [was] mailed to the court clerk, without the institutional check enclosed[.]" (Id. at 2). His parents were assured that it would be paid before the January 22, 2011, deadline. (Id.). Plaintiff reiterates his allegation of a conspiracy between Warden Meyers, his present warden, and Patricia Meyers, the warden's wife who is located at work release, to have his action dismissed. (Id.).

After considering Plaintiff's responses to the Court's show cause order, the Court ordered the business manager at work release and at J.O. Davis to respond with a sworn affidavit stating whether the Plaintiff's institutional printouts (Docs. 2, 5, 7) were generated by the business office and whether there were any alterations in the printouts, and explaining any discrepancies with respect to the actual deposits, monthly balance, and average monthly deposits for the six-month period immediately proceeding the Complaint's filing on July 26, 2010. (Doc. 17 at 2-3). They were also ordered to file a printout reflecting the deposits into Plaintiff's inmate account, the average monthly balance, and the average monthly deposits for

the six months prior to July 26, 2010 and a completed
certificate from the Court's form for a motion to Proceed
Without Prepayment of Fees.  (Id. at 3).

ADOC responded to the Court's order with sworn affidavits
from Vicki Hardy, Account Clerk, at work release, and Valeria
Spates, PMOD Clerk, at J.O. Davis and with the requested
documents.  (Doc. 18).  Ms. Hardy states that the printout "As
of 08-02-2010," which is attached to the second Motion, was
generated by ADOC but was defaced.  (Doc. 18-1 at 1).  After re-
printing the printout, she explained the variations in the
figures contained Plaintiff's printout submitted to the Court
and the figures generated from her computer, and attached a copy
of a printout for monthly deposits as of August 2, 2010, a
twelve-month printout from Atmore Work Release Center, and an
institutional certificate.  (Id. at 1-2).

In regard to the monthly deposits for Plaintiff, the
figures from the printout attached to Plaintiff's second Motion
and from the printout submitted by ADOC are reflected below:

| Month | Plaintiff's Submission | ADOC's Printout |
|-------|------------------------|-----------------|
| Apr 30 | $100.00 | $100.00 |
| May 31 | 576.57 | $1,576.57 |
| Jun 30 | $150.00 | $150.00 |

|         |          |          |
|---------|----------|----------|
| Jul 31  | $345.00  | $345.00  |
| Aug 2   | $0.00    | $1.39    |

Compare Doc. 5 at 6, with Doc. 18-1 at 3.  Ms. Hardy's affidavit
identifies the numeral 1 in the May figure in the second
printout submitted by Plaintiff as being defaced, that is, the
ADOC figure of $1,576.57 for May was changed to "576.57," and
the August figure in the second printout submitted by Plaintiff
was changed from the ADOC figure of $1.39 to "$0.00."  (Doc. 18-
1 at 2).

In regard to the average daily balances for Plaintiff, the
below figures are from the foregoing printouts:

| Month  | Plaintiff's Submission | ADOC's Printout |
|--------|------------------------|-----------------|
| Apr 30 | $3.33                  | $3.33           |
| May 31 | $473.21                | $473.21         |
| Jun 30 | 463.09                 | $1,463.09       |
| Jul 31 | 438.21                 | $1,438.21       |
| Aug 2  | 438.10                 | $1,433.84       |

Compare Doc. 5 at 6, with Doc. 18-1 at 3.  Ms. Hardy's affidavit
identifies the numeral 1 in the June, July, and August figures
in the second printout submitted by Plaintiff as being defaced,
that is, ADOC's figure of $1,463.09 for June was changed to

"463.09, ADOC's figure of $1,438.21 for July was changed to

"438.21," and ADOC's figure of $1,433.84 for August was changed

to "438.10," and ADOC's August figure was further changed by

having the numeral 3 changed to the numeral "8" and having .84

changed to ".10."  (Doc 18-1 at 1).

In regard to the third Motion to Proceed Without Prepayment

of Fees, Valerie Spates, J.O. Davis's PMOD Clerk, submitted her

affidavit stating that the signature on the Motion's certificate

is hers.  (Doc. 18-2 at 1).  She does not recall if she

correctly recorded the amounts because on May 16, 2011, when she

ran a printout of Plaintiff's account as of August 31, 2010,

"the computer screen show[ed], 'No Records Found Within The Last

12 Months."  Id.  She then attached a copy of the documents that

she generated on May 16, 2011, which indicate no records were

found within the last 12 months for Plaintiff.  (Id. at 3-4).

Nevertheless, the printout attached to Plaintiff's third

Motion is the same printout that he attached to his second

Motion, and is not a printout that was generated at J.O. Davis,

nor is it the printout generated by Ms. Spates on May 16, 2011.

(Id. at 3-5).  Furthermore, in writing this Report and

Recommendation, the Court reviewed the hard copy of Plaintiff's

second and third Motions again, and finds the actual printouts

attached to Plaintiff's second and third Motions to be a

photocopy reflecting smudge marks where some of the numerals and dollar signs were obliterated.

II. <u>Analysis</u>.

In filing the present action Plaintiff has subjected himself to the rules of the Court.  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir.)(a <u>pro se</u> litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"), <u>cert. denied</u>, 493 U.S. 863 (1989).  Rule 11(b) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]

In reviewing Plaintiff's responses to the Court's show cause order, the Court concludes that the Motions were filed for the improper purpose of circumventing the payment of a larger partial filing fee and that Plaintiff still does not accept complete responsibility for the content of his second and third Motions.  Plaintiff is an experienced litigator in federal court as evidenced by him having filed six actions prior to filing this action, according to PACER, and to his statement that he "HUSTLES in prison i[.e.,] litigate cases and draft motions for

14

hygiene [products], food, and [etc.]" (Doc. 14 at 5). Thus, Plaintiff was sufficiently skilled that he could have brought to the Court's attention matters in his Motions that needed an explanation or problems that he was having in obtaining information. Nevertheless, he did not do so and belatedly offers a myriad of explanations, which fall short of demonstrating that the printouts with the second and third Motions are an accurate copy of the printout of his inmate account. In fact, Plaintiff essentially admits that these two printouts are false by his explanation that the printout filed with his first Motion was true. (Doc. 14 at 2).

Instead, the Court finds, after its careful review of the printouts submitted by Plaintiff and the printouts filed in ADOC's response, that Plaintiff has altered a printout from the ADOC and submitted it twice to this Court. It perplexes the Court that Plaintiff submitted this altered printout twice considering that at the time he filed this action on July 26, 2010, his action in Lee v. Mills, supra, had been dismissed with prejudice on January 20, 2010, pursuant to 28 U.S.C. § 1915(e)(2)(A) for filing false information with his IFP requests, which also earned him a strike under 28 U.S.C. § 1915(g).

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed

with the court." <u>Zocaras v. Castro</u>, 465 F.3d 479, 484 (11th

Cir.), <u>cert. denied</u>, 549 U.S. 1228 (2007); Fed.R.Civ.P. 11(b).

Rule 11(b) also requires that "reasonable inquiries [be made]

into the veracity of information filed before the court and to

advise the court of any changes." <u>Attwood v. Singletary</u>, 105

F.3d 610, 613 (11th Cir. 1997);[2] Fed.R.Civ.P. 11(b).  And Rule

---

[2] The <u>Attwood</u> case was dismissed with prejudice pursuant to
Rule 11(b) and 28 U.S.C. § 1915(d).  Section 1915(d), which is
the predecessor to 28 U.S.C. § 1915(e)(2)(B), provided that a
court "'may dismiss the case if the allegation of poverty is
untrue, or if satisfied that the action is frivolous or
malicious.'"  <u>Attwood</u>, 105 F.3d at 613 (quoting  28 U.S.C.
§ 1915(d)).

In <u>Attwood</u> the prisoner in his affidavit attested to having
"no access to, control over, or income from any bank account"
and to "own[ing] no real estate or other valuable property."
<u>Id.</u>  However, the magistrate granted the defendants' motion to
dismiss finding that the plaintiff "intentionally misstated his
income to obtain indigent status and filed []his claim in bad
faith."  <u>Id.</u> at 611.  The action was dismissed with prejudice
pursuant to 28 U.S.C. § 1915(d) and Rule 11 of the Federal Rules
of Civil Procedure for those reasons.  <u>Id.</u>

The Eleventh Circuit, in affirming the district court's
dismissal, opined that the IFP statute "ensures that indigent
persons will have equal access to the judicial system . . . [,
but it] should not be a broad highway into the federal courts."
<u>Id.</u> at 612-13 (quotations and quotation marks omitted).  The
court further reasoned that "[t]he purpose of (28 U.S.C.
§ 1915(d)) is to weed out the litigants who falsely understate
their net worth in order to obtain <u>in forma pauperis</u> status when
they are not entitled to that status based on their true net
worth" and that dismissal is warranted when a plaintiff has
engaged in "bad faith litigiousness or manipulative tactics[.]"
<u>Id.</u> at 613 (citing <u>Dawson v. Lennon</u>, 797 F.2d 934, 935 (11th
Cir. 1986) (holding "that a district court has the discretion to
dismiss a case with prejudice where a plaintiff has in bad faith
filed a false affidavit of poverty")).

11(b) forbids the practice of imposing a pleading for an improper purpose "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed.R.Civ.P. 11(b).

Rule 11(c) provides sanctions for "misrepresentations made in papers filed with the court under Rule 11(b)."  Fed.R.Civ.P. 11(c).  These sanctions are limited to what "deters repetition of the conduct or comparable conduct by others similarly situated[, which] include[s] nonmonetary directives [or] an order to pay a penalty into court[.]"  Fed.R.Civ.P. 11(c)(4). Furthermore, Rule 41(b) "provides for dismissal with prejudice as the ultimate sanction for violation of the rules."  Zocaras, 465 F.3d at 484; Fed.R.Civ.P. 41(b).  Not only can the Court sanction conduct under the Federal Rules of Civil Procedure, it has the inherent power "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); cf. In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989) (Because every paper filed with the Court requires some part of its limited resources, the "Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").  And Congress enacted 28 U.S.C. § 1915(e)(2)(A) which provides for the

17

dismissal of an action at any time the Court finds that "the allegation of poverty is untrue" regardless of whether the filing fee or any portion of it has been paid.  28 U.S.C. § 1915(e)(2)(A).  Moreover, because Plaintiff signed his Motions under penalty of perjury, he could be subject to criminal prosecution for making false statements in these Motions.

Despite Plaintiff's assertions to the contrary, it is clear that he has submitted false printouts with his second and third Motions that do not accurately reflect the financial activity in his prisoner account for the six months preceding the filing of the Complaint.  In light of this finding, it is apparent to the Court that Plaintiff intended to circumvent paying the correct partial filing fee when he filed two printouts that had been altered to reflect lesser amounts of funds in his prisoner account (Docs. 5, 7) in order to conceal the full extent of his funds in his inmate account to avoid paying the larger partial filing fee required by 28 U.S.C. § 1915(b)(1),[3] and when he

---

[3] In a subsequent action, <u>Lee v. Myers, et al.</u>, No. 10-0661-KD-N (S.D. Ala. pending), the Court, on December 2, 2010, ordered Plaintiff to pay a substantially larger partial filing fee, $74.25.  (Doc. 8).  Plaintiff paid this partial filing fee (Doc. 13) as well as a $75.00 partial filing fee (Doc. 9).  Both payments came from Plaintiff's prisoner account, and one payment apparently is the result of Plaintiff requesting an order from the Court to have the institution pay the partial filing fee in this action (Doc. 7), which was granted (Doc. 8).  Later he offers an explanation for this double payment when he asks that (Continued)

submitted his first printout, dated May 24, 2010, that contained
financial history for only two months, April and May (Doc. 2 at
5), and did not contain financial information for the months of
June and July ($150.00 and $345.00, respectively) that preceded
the filing of the Complaint on July 26, 2010 (Doc. 18-1 at 3),
and Plaintiff's actions have been persistent, willful, defiant,
and contemptuous and caused the needless expenditure of valuable
judicial resources in his attempt to circumvent paying the
required partial filing fee.  As a consequence of his false
statements to the Court he has opened himself "to a range of
possible sanctions including, but not necessarily limited to,
monetary sanctions, revocation of his status as a pauper, a
ruling that the Defendants would be allowed to tell any eventual
trier of fact of Plaintiff's false statements, dismissal of his
case, and even a direction to the United States Attorney's
Office to investigate whether Plaintiff should be indicted for
perjury."  Compton v. Watkins, No. 1:10CV213, 2011 WL 573577, at
*3 (M.D.N.C. Feb. 14, 2011) (unpublished).[4]

---

one of the payments be remitted to him (Doc. 14), which was done
(Doc. 16).

[4]     "Unpublished opinions are not considered binding precedent,
but they may be cited as persuasive authority."  11TH CIR. R. 36-2
(2005).

19

In considering the sanctions to impose for Plaintiff's conduct in this action, the Court bears in mind that Plaintiff also engaged in deceptive conduct in regard to his *in forma pauperis* request in *Lee v. Mills*, *supra*, which indicates to the Court that Plaintiff is not opposed to engaging in similar conduct again even after he has been sanctioned. By Plaintiff's conduct in this action that is similarly directed to his request for *in forma pauperis* status, it is apparent that Plaintiff's disingenuous conduct is becoming a pattern warranting sanctions that will punish his present conduct and serve as a deterrent to other inmates and to his continuation of this conduct. Accordingly, after carefully considering the sanctions available to the Court, and finding that lesser sanctions will not suffice, this action is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) and Rules 11(b) and 41(b) because Plaintiff's allegation of poverty is untrue. This dismissal should be with prejudice because Plaintiff's conduct has been persistent, willful, defiant, and contemptuous. And the money received by the Court for the partial filing fee, $28.00, shall be retained by the Court. Even though monetary sanctions typically are ineffective in regard to an indigent litigant, 28 U.S.C. § 1915(e)(2)(A) authorizes the retention, and if this action would have proceeded, Plaintiff would be responsible for paying the remainder of the $350.00 filing fee for merely having

filed this action, and it appears that Plaintiff has more than
sufficient funds as compared to the typical prisoner.  See 28
U.S.C. § 1915(e)(2)(A)("Notwithstanding any filing fee, or any
portion thereof, that may have been paid the court shall dismiss
the case at any time if the court determines that . . . the
allegation of poverty is untrue").

Furthermore, the fact that Plaintiff made false statements
to the Court causes the Court to readily conclude that this
action is malicious.  See Freeman v. Voorheis, No. 1:07-cv-041,
2011 WL 826802, at *3 (S.D. Ohio Feb. 7, 2011) (unpublished)
(finding that the "[p]laintiff's false statements in his
applications to proceed in forma pauperis provide an additional
basis for dismissal of this litigation as 'malicious' under 28
U.S.C. § 1915(e)(2)(B)(i)"); see also Horton v. Thomas, No. 96 C
0367, 1996 WL 68013, at *2 (N.D. Ill. Feb. 14, 1996)
(unpublished)(the court opined, in dismissing the inmate's
action as malicious for his denial of prior actions and attempt
to re-litigate prior claims, that "[a]n indigent who boldly lies
to a judge to gain entry to the courts cannot expect to reap the
advantages of cost-free filing no matter what the merits of his
suit"); Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984) (a
complaint is malicious if the plaintiff knowing the allegations
are false but makes them with the intent to deceive the court).
As a malicious action, this action qualifies as a strike under

28 U.S.C. § 1915(g).[5]  See Rivera v. Allin, 144 F.3d 719, 731

(11th Cir. 1998) (affirming the district court's counting as a

strike an action where plaintiff "had lied under penalty of

perjury about the existence of a prior lawsuit

. . . . {and finding that a]lthough the district court may not

have uttered the words 'frivolous' or 'malicious,' dismissal for

abuse of the judicial process is precisely the type of strike

that Congress envisioned when drafting section 1915(g)"),

abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127

S.Ct. 910, 166 L.Ed.2d 798 (2007); Wilson-Williams v. Freeman,

No. 2:07-CV-480-MEF), 2010 WL 653870 at *3 (M.D. Ala. Feb. 22,

2010) (unpublished) (under 28 U.S.C. § 1915(e)(2)(B)(i), an

inmate who has been allowed to proceed in forma pauperis shall

have his case dismissed at any time if the court determines that

the action is frivolous or malicious).

III.  Conclusion.

     "If the court cannot rely on the statements or responses

made by the parties, the quality of justice is threatened.  The

court will not tolerate false responses or statements in any

pleading or motion filed before it."  Stringer v. Doe,

---

[5] The Court notes that Plaintiff has two prior strikes,
namely, Lee v. Jernigan, et al., 2:06-cv-00134-MHT-CSC (M.D.
Ala. Apr. 6, 2006), and Lee v. Mills, et al., 2:09-cv-00602-WHA-
CSC (M.D. Ala. Jan. 20, 2010).

No.5:11cv1/RS/EMT, 2011 WL 2838128 at *6(N.D. Fla. June 16, 2011) (unpublished). Therefore, in order to discourage dishonesty and to sanction Plaintiff's deceitful conduct that abused the in forma pauperis privilege, it is recommended, based upon the foregoing reasons, that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) and Rule 11(b) and Rule 41(b) of the Federal Rules of Civil Procedure, that the Court retain the partial filing fee of $28.00, and that the dismissal of this action count as a strike for the purpose of 28 U.S.C. § 1915(g) because it is malicious.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

(Continued)

23

with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 19th day of August, 2011.


s/Bert W. Milling, Jr.___
UNITED STATES MAGISTRATE JUDGE